(No. 14782.—Judgment affirmed.)

THE PEOPLE *ex rel.* Robert B. Ennis *et al.* Appellants, *vs.* JAMES H. PARKER *et al.* Appellees.

*Opinion filed October 21, 1922.*

DRAINAGE—*when evidence in quo warranto proceeding should be confined to single issue presented by replication.* Where the replication to a plea of justification in a *quo warranto* proceeding attacking the organization of a drainage district presents the single issue as to whether the main ditch of the district is artificial or natural, the evidence should be confined to that issue and should not cover all the matter concerning the proceedings for the organization of the district set forth in the plea.

APPEAL from the Circuit Court of Macon county; the Hon. JAMES S. BALDWIN, Judge, presiding.

C. F. EVANS, State's Attorney, and REDMON, HOGAN & REDMON, for appellants.

GRADY & GRADY, and WHITLEY & FITZGERALD, (A. F. DELAHUNTY, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

An information in the nature of *quo warranto* was filed in the circuit court of Macon county in the name of the People of the State of Illinois on the relation of a number of land owners, calling upon the appellees to answer by what warrant and authority they claimed to hold and execute the office of drainage commissioners of drainage district No. 5 of the township of Maroa. The defendants filed a plea of justification, setting forth the proceedings for the organization of a drainage district under section 76 of the Farm Drainage act, alleging that the owners of lands by voluntary action constructed ditches forming a continuous line or lines and branches, which ran into an artificial ditch called the outlet, which was made by the hands of man and was not a natural water-course, and alleging their election as commissioners. A replication was filed, containing the single allegation that the main ditch which formed an outlet for the district was not an artificial ditch constructed by voluntary action of the adjoining land owners in manner and form as the defendants had set forth in their plea. A jury was waived and there was a trial by the court, resulting in a finding that the defendants were not guilty, and a judgment accordingly and for costs.

Although the only issue upon the trial was the one raised by the replication whether the principal ditch was an artificial or natural one, a great amount of evidence, including all the proceedings for the organization of the district and testimony concerning the same, was introduced. This was needless and a waste of time and money. The dispute was whether what the defendants called Stevens creek, into which the drains discharged, was an artificial or natural water-course, and from reading the evidence it appears that the conclusion of the court was correct.

The judgment is affirmed.     *Judgment affirmed.*